UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.P.T. RACING, INC.,<br><br>    **Plaintiff,**<br><br>v.<br><br>BROTHERS RESEARCH CORPORATION,<br><br>    **Defendant.** | Case No. 21–cv–11046–KSH–ESK<br><br>OPINION AND ORDER |

**KIEL, U.S.M.J.**

    **THIS MATTER** having come before the Court on defendant's motion (Motion) to: (1) dismiss the complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(2) for lack of personal jurisdiction; (2) dismiss the complaint pursuant to Rule 12(b)(3) for improper venue; or (3) transfer this case to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 1406(a) (Section 1406(a)) (ECF No. 7); and plaintiff having filed a response (Response) to the Motion (ECF No. 11); and defendant having filed a reply in further support of the Motion (ECF No. 17); and the Court finding:

    1.    Plaintiff markets "polishing and finishing preparations and substances … as well as cleaning preparations and substances for use on metal and plastic surfaces of automobiles, land vehicles, airplanes, ships[,] and boats" bearing the "Liquid Glass" mark (Mark).   (ECF No. 1 ¶ 4.)

    2.    Plaintiff alleges that: (a) it was assigned the Mark by the Mark's previous owner (Previous Owner) when the Previous Owner ceased operations; (b) defendant, although aware of the Mark's assignment to plaintiff, fraudulently usurped the Mark and registered it with the United States Patent and Trademark Office (USPTO); and (c) defendant is wrongfully marketing "automobile polishes, wax and cleaners" (Infringing Products) bearing the Mark. (*Id.* pp. 6–10; *see also* ECF No. 11 p. 7; ECF No. 11-6 p. 2.)

    3.    Plaintiff asserts five claims concerning: (a) common law trademark infringement; (b) cancellation of the defendant's registration of the Mark with the USPTO under 15 U.S.C. §§ 1064, 1119, and 1121; (c) false designation of origin and unfair competition under 15 U.S.C. § 1125(a); (d) infringement and unfair

competition under state law; and (e) common law unfair competition. (ECF No. 1 pp. 10–15.)

4. Plaintiff is a citizen of New Jersey, as it is incorporated and has its principal place of business in New Jersey. (*Id.* ¶ 3.) Defendant is a citizen of North Carolina, as it is incorporated and has its principal place of business in North Carolina. (ECF No. 7-2 ¶ 2.) Plaintiff asserts that the Previous Owner was a New Jersey corporation with its principal place of business in New Jersey. (ECF No. 11-1 ¶ 2.)

5. Defendant argues that dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction is merited, as: (a) it neither is incorporated nor has its principal place of business in New Jersey; (b) it has no employees and is not registered to do business in New Jersey; (c) it manufactured the Infringing Products in Burlington, North Carolina; (d) 95% of its direct sales of the Infringing Products were made to a distributor that distributed them to a national retailer headquartered in Raleigh, North Carolina, which in turn shipped the Infringing Products across a national market; (e) it does not sell the Infringing Products to any New Jersey distributors; (f) it does not advertise the Infringing Products in New Jersey; and (g) the Infringing Products reach New Jersey merely through the stream of commerce. (ECF No. 7-1 pp. 6–9, 14, 16–19, 22, 24; ECF No. 17 pp. 4–6.)

6. In opposition, plaintiff argues that there is personal jurisdiction over defendant in New Jersey, as: (a) defendant frequently traveled to meet — and communicated with — the Previous Owner in New Jersey when defendant had a long-term contract with the Previous Owner to manufacture products bearing the Mark; (b) the Infringing Products' packaging bears the Previous Owner's New Jersey contact information, which has since been transferred to plaintiff; and (c) the brunt of the alleged harm has been felt in New Jersey. (ECF No. 11 pp. 7–18, ECF No. 11-1 pp. 2, 5.)

7. Defendant argues further that dismissal pursuant to Rule 12(b)(3) for improper venue is merited, as: (a) plaintiff is not limited to bringing this case in New Jersey since defendant may be found in North Carolina; and (b) the bulk of its conduct concerning the manufacture and distribution of the Infringing Products occurred in North Carolina. (ECF No. 7-1 pp. 25–27.) Despite plaintiff having presented a spirited and lengthy opposition to the part of the Motion seeking dismissal pursuant to Rule 12(b)(2), the Response presents no opposition to defendant's argument for relief under Rule 12(b)(3). (*See generally* ECF No. 11.) The Response merely contains a single reference to Rule 12(b)(3) in an introductory paragraph. (*Id.* p. 5.)

8.  Defendant also argues that in alternative to a dismissal, a transfer of the case pursuant to Section 1406(a) to the Middle District of North Carolina is merited, as: (a) North Carolina has an interest in permitting its citizens to defend themselves against allegations of trademark infringement; (b) the bulk of defendant's witnesses and records are there; and (c) all of defendant's decisions concerning its use of the Mark were made there. (ECF No. 7-1 pp. 27, 28; ECF No. 7-2 p. 2.) Reminiscent of plaintiff's lack of opposition to defendant's argument for relief under Rule 12(b)(3), the Response is bereft of any opposition to defendant's argument for a transfer. (*See generally* ECF No. 11.) Indeed, the Response does not mention Section 1406(a) at all. (*Id.*) Defendant notes in its reply that such opposition is lacking in the Response. (ECF No. 17 p. 4.)

9.  Section 1406 provides that:

> The district court of a district in which is filed a case laying venue in the wrong … district shall dismiss, or if it be in the interest of justice, transfer such case to any district … in which it could have been brought.

28 U.S.C. § 1406(a).

10. Reference to 28 U.S.C. § 1391(b) (Section 1391(b)) is required when assessing a motion pursuant to Section 1406(a) to transfer venue. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct.*, 571 U.S. 49, 56 (2013). That statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

11. Since plaintiff has not addressed defendant's argument for a transfer under Section 1406(a) in the Response, it is well-settled that this oversight acts

as a waiver of any objection to such a transfer as a result. *See Ragsdale v. Lora*, No. 20-16123, 2021 WL 4099785, at *5 (D.N.J. Sept. 9, 2021) (holding that plaintiff "waiv[ed] the issue" by failing to respond to defendant's argument in support of a motion); *Leisure Pass N. Am., LLC v. Leisure Pass Grp., Ltd.*, No. 12-03375, 2013 WL 4517841, at *4 (D.N.J. Aug. 26, 2013) (holding that "plaintiff has waived its opposition to this argument [raised in defendant's motion] by failing to respond to it"). Furthermore, plaintiff did not seek leave to file a sur-reply under Local Civil Rule 7.1(d)(6), and thus plaintiff's omission of any objection to a transfer of venue must be presumed to be deliberate at this juncture. *See Fodor v. Hartman*, No. 05-02539, 2006 WL 1488894, at *5 (D. Colo. May 30, 2006) (granting motion to transfer pursuant to Section 1406(a), as "[p]laintiff … made no substantive response to the defendants' motion … other than to express his general opposition," thereby leaving defendants' arguments "unrefuted"). As a result, this case will be transferred to the Middle District of North Carolina.[1]

12. A transfer of venue "is the preferred remedy," rather than a dismissal pursuant to Rule 12(b)(3), "[a]s dismissal is considered to be a harsh remedy." *ES Distrib., LLC v. Hangtime LLC*, No. 20-00469, 2020 WL 6689755, at *3 (D.N.J. Nov. 13, 2020). "By allowing for transfer in lieu of dismissal, the statute [*i.e.*, Section 1406(a)], contrary to Rule 12(b)(3), was designed to prevent injustice and to save time and resources." *Wallkill 5 Assocs. II v. Tectronic Eng'g, P.C.*, No. 95-05984, 1997 WL 452252, at *6 (D.N.J. July 25, 1997).

13. In any event, this case may be appropriately transferred pursuant to Section 1406(a) to the Middle District of North Carolina. First, the sole defendant resides there. *See* 28 U.S.C. § 1391(b)(1). Second, defendant's conduct and decisions underlying plaintiff's claims concerning the Infringing Products occurred in substantial part there. *See* 28 U.S.C. § 1391(b)(2). Third,

---

[1] A determination as to the transfer of a case to another venue is not dispositive, and is thus within a Magistrate Judge's authority. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). The issue of a transfer may also be addressed before, and instead of, the issue of personal jurisdiction. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) (holding that while "[t]he question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, … a court may reverse the normal order of considering personal jurisdiction and venue"); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962) (holding that a court is authorized to address the propriety of a transfer, regardless of whether the transferor court has personal jurisdiction). Furthermore, such a transfer will not prejudice a plaintiff as to the statute of limitations, because "when cases … are transferred … pursuant to § 1406(a), the date of filing is the initial filing date in the transferor forum, even if the case is not docketed in the new forum until after the limitations period there has run." *Lafferty v. St. Riel*, 495 F.3d 72, 82–83 (3d Cir. 2007).

defendant repeatedly asserts that it is subject to personal jurisdiction there (ECF No. 7-1 pp. 7, 25, 28).   *See* 28 U.S.C. § 1391(b)(3).

14.   Despite the holding that this case will be transferred to the Middle District of North Carolina, the parties are advised that:

> The Clerk shall take no action with respect to a Magistrate Judge's order for transfer of venue … until 14 days from the filing of such an order. In the event that a notice of appeal from such an order is filed within the time allowed in the Rule, the Clerk shall take no action until the appeal is decided by the [District] Judge.

L.Civ.R. 72.1(c)(1)(C).

Accordingly,

**IT IS** on this   **12th** day of **April 2022**   **ORDERED** that:

1.   The Motion is resolved as follows: (a) **GRANTED** to the extent that the Motion seeks a transfer; and (b) **ADMINISTRATIVELY TERMINATED** without prejudice to the extent that the Motion seeks other relief.

2.   This case will be **TRANSFERRED** to the United States District Court for the Middle District of North Carolina.

3.   The Clerk of the Court is directed to terminate ECF No. 7.

4.   The Clerk of the Court will take no action on the transfer of this case for 14 days from the entry of this Opinion and Order pursuant to Local Civil Rule 72.1(c)(1)(C).

5.   The telephone status conference scheduled for April 20, 2022 (ECF No. 21) is adjourned *sine die*.

        */s/ Edward S. Kiel*
        **EDWARD S. KIEL**
        **UNITED STATES MAGISTRATE JUDGE**